UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JORGE CRUZ,                                          :
                                                     :
                              Plaintiff,             :   Civil Action No.:13 Civ. 8498 (KMK)
                                                     :
                    -against-                        :
                                                     :
AAA CARTING and RUBBISH REMOVAL, INC.                :
and PASQUALE CARTALEMI, JR., an individual;          :
                                                     :
                              Defendants.            :
------------------------------------------------------------ x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND/OR FOR SUMMARY JUDGMENT**

Nicholas Caputo, Esq.
Michael A. Eisenberg, Esq.
ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
*Attorneys for Defendants*
875 Third Avenue, 9th Floor
New York, NY  10022
(212) 603-6300

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES                                                      iii

ARGUMENT

I.      THE MOTION IS TIMELY                                             1

II.     AAA CARTING IS EXEMPT FROM OVERTIME UNDER
        THE MOTOR CARRIER EXEMPTION                                      1

        A.      Plaintiff Conceded that He Drove into Connecticut and does not
                Dispute Other AAA Carting Trucks did so Regularly          2

        B.      Plaintiff Transported Goods in Interstate Commerce        4

        C.      Plaintiff Could have been Called on to Perform Interstate Travel    6

        D.      AAA Carting has a Fixed and Persistent Intent to Ship Out of State    6

III.    THE DEPARTMENT OF LABOR REPORT IS NOT HEARSAY                    8

IV.     PLAINTIFF MISSTATES THE MINIMUM WAGE LAW                         9

V.      DISCOVERY WILL NOT CREATE A GENUINE DISPUTE OF FACT              10

CONCLUSION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bilyou v. Dutchess Beer Distribs., Inc.*,
300 F.3d 217 (2d Cir. 2002).........................................................................................5, 7

*Bingham v. Jefferson County*,
2013 U.S. Dist. LEXIS 45826 (E.D. Tex. Mar. 1, 2013)............................................8

*Bridgeway Corp. v. Citibank*,
201 F.3d 134 (2d Cir. 2000).........................................................................................9

*Craft v. Ray's, LLC*,
2009 U.S. Dist. LEXIS 90862 (S.D. Ind. September 29, 2009) ............................5, 7

*Crooker v. Sexton Motors, Inc.*,
469 F.2d 206 (1st Cir. 1972).....................................................................................3, 4

*Dauphin v. Chestnut Ridge Transp., Inc.*,
544 F. Supp. 2d 266 (S.D.N.Y. 2008)..........................................................................4

*Friedrich v. U.S. Computer Services*,
974 F.2d 409 (3d Cir. 1992).........................................................................................4

*Holliday v. J S Express, Inc.*,
2013 U.S. Dist. LEXIS 75816 (E.D. Mo. May 30, 2013).............................................8

*Johnson v. Equinox Holdings, Inc.*,
2014 U.S. Dist. LEXIS 91786 (S.D.N.Y. July 2, 2014) ..............................................9

*Levinson v. Spector Motor Service*,
330 U.S. 649 (1947)..................................................................................................2, 3

*Morgan v. Francois*,
170 Fed. Appx. 978 (8th Cir. 2006)..............................................................................2

*Morris v. McComb*,
332 U.S. 422 (1947)......................................................................................................6

*Paddington Partners v Bouchard*,
34 F.3d 1132 (2d Cir. 1994)......................................................................................10

*United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square*,
30 F.3d 298 (2d Cir. 1994)...........................................................................................1

*Yellow Transit Freight Lines, Inc. v. Balven*,
    320 F.2d 495 (8th Cir. 1963) ..................................................................................3

**Statutes**

FLSA.........................................................................................................................2, 5, 9

Motor Carrier Act ........................................................................................................2, 3

**Other Authorities**

Commerce Commission 1992 Policy Statement.............................................................7

Fed. R. Civ. P. 12(b)(1)..................................................................................................1

Fed. R. Civ. P. 12(c) .......................................................................................................1

Fed. R. Civ. P. 56(d) .....................................................................................................10

Fed. R. Evid. 803(8).......................................................................................................8

ARGUMENT

I.   THE MOTION IS TIMELY

Plaintiff initially opposes the motion on the grounds that it was not authorized by the

Court.  *See* Plaintiff's Memorandum of Law in Opposition, p2 ("Memo in Opp.")  At the pre-

motion conference on June 6, not only did the Court grant permission for Defendants to move for

luck of subject-matter jurisdiction, but also for summary judgment on the Motor Carrier

Exemption.[1]  In addition, the parties' joint letter to the Court dated July 22, 2014, requested an

adjournment of "Defendants' motion to dismiss for lack of subject matter jurisdiction and/or for

summary judgment." Docket No. 26. Plaintiff cannot rewrite the procedural history of the action.

Additionally, Plaintiff cites an endorsed memoranda by the Hon. Vincent Briccetti, in

another action, which denied Defendants' request to file a motion under Fed. R. Civ. P. 12(b)(1).

See Memo in Opp., p2 n3.  However, Plaintiff omits that part of the memoranda that states that

such motion could be brought under Fed. R. Civ. P. 12(c) or R. 56, which is what Defendants

have done here.  Moreover, lack of subject matter jurisdiction cannot be waived.  *United Food &*

*Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square*, 30 F.3d 298,

303 (2d Cir. 1994).  Thus, the motion is appropriately before the Court.

II.  AAA CARTING IS EXEMPT FROM OVERTIME UNDER THE
     MOTOR CARRIER EXEMPTION.

Significantly, Plaintiff has not disputed the fact that AAA Carting is a Motor Carrier, or

that its trucks weigh over 10,000 pounds, or that Plaintiff's duties as a driver of garbage trucks

affect the safety of operations of a motor vehicle.  Therefore, these uncontroverted facts must be

deemed admitted, and no material fact exists with regard thereto requiring any further

---

[1]     At the conference, the Court recognized that, if the Motor Carrier Exemption was not a matter of the
Court's subject matter jurisdiction, the motion could be for summary judgment, and Plaintiff could raise whatever
defenses it wanted, including whether discovery would be needed to oppose summary judgment.

adjudication.  The sole remaining issue is whether or not interstate or foreign commerce is sufficiently invoked.  The interstate commerce prong of the Exemption is satisfied where the employee himself crosses state lines in the course of his duties, or where it is reasonable to expect that he may be called to do, or where such transportation of goods is interstate in nature. If any of these three separate tests are met, the Motor Carrier Exemption applies.

A.      **Plaintiff Conceded that He Drove Into Connecticut and does not Dispute Other AAA Carting Trucks Did So Regularly**

As made plain on the maps attached as Exhibit E to the Cartalemi Declaration, and as Plaintiff admits, Plaintiff drove into Greenwich, Connecticut while completing his garbage route. Plaintiff's admission demonstrates there is no genuine issue of fact as to the satisfaction of the interstate commerce test.  *See Morgan v. Francois*, 170 Fed. Appx. 978, 980 (8th Cir. 2006) ("Highway transportation by motor vehicle from one State to another, in the course of which the vehicles cross the State line, clearly constitutes interstate commerce under both [the FLSA and the Motor Carrier Act].") (*citing* 29 C.F.R. § 782.7(b)(1)).  The small discrepancy of the exact route, which was raised by Plaintiff to try to create some issue of fact, does not require the denial of the motion for lack of subject matter jurisdiction or for summary judgment.[2]

Plaintiff's characterization of his interstate travel as *de minimis* misses the mark on the relevant analysis.  Plaintiff mistakenly focuses on the *proportion* of contact his activities had with interstate commerce, rather than the *character* of his activities pertaining to interstate commerce.  *Levinson v. Spector Motor Service*, 330 U.S. 649, 674-675 (1947).  Even if Plaintiff is considered to have infrequently engaged in interstate commerce, such engagement was entirely devoted to safety-affecting activities, and he is therefore subject to the Exemption.

---

[2] Plaintiff, in an attempt to create an issue of fact, incredibly claims that he only drove into Connecticut for 45 seconds *each month*.  Cruz Declaration, ¶19.  No garbage route could possibly be collected only once per month. This nonsensical assertion does not raise a genuine issue of material fact and should be accorded no weight.

As set forth in Defendants' moving memorandum, the Exemption applies to employees who fall within the authority of the Secretary of Transportation to establish maximum hours pursuant to Section 204 of the Motor Carrier Act of 1935, 49 U.S.C. § 13501 *et seq*.  The Secretary of Transportation has such power where a substantial part of an employee's interstate activities affected the safety of interstate motor carrier operations. *Crooker v. Sexton Motors, Inc.*,469 F.2d 206, 209 (1st Cir. 1972).  It has been held as "obvious" that one who drives a vehicle in interstate commerce directly affects the safety of such operations as long as he is driving.  *Id.*  The Plaintiff in *Crooker v. Sexton* made the same argument that Plaintiff makes here, essentially, that the amount of time he spent engaging in safety-affecting activities in interstate commerce was too small a part of his overall employment to apply the Exemption.

The *Crooker* Court rejected this argument, citing the Supreme Court's decision in *Levinson v. Spector Motor Service*, 330 U.S. 649, 674-675 (1947), which held: "it is the character of the activities rather than the proportion of either the employee's time or his activities that determines the actual need for the Commission's power to establish reasonable requirements with respect to qualifications, maximum hours of service, safety of operation and equipment."  In other words, the pertinent question is not *how much* interstate activity Plaintiff engaged in, but *what type* of interstate activity Plaintiff engaged in.  Thus, the only issue to decide is "not whether a substantial part of [Plaintiff's] duties affected the safety of operations but, rather, whether any of [Plaintiff's] duties had a substantial effect on motor vehicle safety."  *Yellow Transit Freight Lines, Inc. v. Balven*, 320 F.2d 495, 498 (8th Cir. 1963).  Plaintiff, as a truck driver, dedicated *all* of his interstate activity to the safety of operations of a motor vehicle.

Plaintiff argues that his activities in Connecticut were too brief, indirect and casual, to invoke the Exemption; however, his *de minimis* argument focuses on the wrong metric.  As the

3

*Crooker* Court explained:

> The de minimis rule has been applied in this context where the employee's connection with anything affecting interstate motor carrier operations was so indirect and casual as to be trivial. *See Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695, 708, 91 L. Ed. 1184, 67 S. Ct. 954 (1947). The activities of one who drives in interstate commerce, however frequently or infrequently, are not trivial. Such activities directly affect the safety of motor vehicle operations.

*Crooker*, 469 F.2d at 210.

Plaintiff's reliance on *Dauphin v. Chestnut Ridge Transp., Inc.*, 544 F. Supp. 2d 266 (S.D.N.Y. 2008) is misplaced, and Plaintiff's selective quotes of the opinion neglects the relevant law. The correct standard was, in fact, invoked by the *Dauphin* Court:

> Where only a part of an employee's activities affect the safety of operations of motor vehicles in interstate commerce, courts consider "the character of the activities rather than the proportion of either the employee's time or his activities" in determining whether the employee comes within the scope of the Secretary's authority to regulate qualifications and maximum hours of service.

*Id.* at 274 (*citing Morris v. McComb*, 332 U.S. 422, 431 (1947)). Here, *all* of Plaintiff's interstate activity (*i.e.* driving) affects safety. *See Friedrich v. U.S. Computer Services*, 974 F.2d 409, 417 (3d Cir. 1992) ("A number of courts have held that drivers should seldom, if ever, fall within this *de minimis* exception.") Plaintiff's *de mimimis* argument is therefore unavailing.

B.     **Plaintiff Transported Goods In Interstate Commerce**

Plaintiff improperly tries to focus this Court's attention on what Plaintiff did or did not do for AAA Carting. This matters if Plaintiff traveled into Connecticut (which he admits), but it does not matter if AAA Carting is an Exempt Motor Carrier by virtue of the transport of waste in interstate commerce. Even if Plaintiff never entered Connecticut (which he admits he did), AAA Carting is still Exempt because AAA Carting itself transports goods in interstate commerce.

Plaintiff argues that a question of fact exists as to whether his "class" of household

4

garbage haulers engages in activity beyond *de minimis* interstate commerce.  First, as set forth below, the purported "divisions" are a fiction invented by Plaintiff as AAA Carting does not have divisions.[3]  Further, even if there were such "divisions", it would not affect the outcome because courts have held that as long as the entity is engaged in interstate commerce, the Exemption applies.  For example, in *Craft v. Ray's, LLC*, 2009 U.S. Dist. LEXIS 90862 (S.D. Ind. September 29, 2009), the Court held that because an affiliate of the Defendant - which was a separate entity from Defendant - had transported recycling materials out of state, Defendant was exempt as a Motor Carrier.  Here, the analysis is even clearer as AAA Carting is one company and Plaintiff has not challenged the fact that much of the waste ends up out of state.

It is also perplexing why Plaintiff relies on the "division" distinction because Defendants put forth uncontroverted evidence of the destination from transfer stations of all its hauled waste and recyclables, and for *each* of the types of waste (recycling, garbage, and C&D), some of the waste ends up out of state.  This includes garbage, or household waste, as Plaintiff refers to it. *See* Exhibit B to Cartalemi Declaration.  An employee may be exempt from the overtime requirements of FLSA even if they transport goods solely intrastate.  *See Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 223 (2d Cir. 2002).  Plaintiff has not disputed that much of the waste transported by AAA Carting ends up out of state. This transportation of waste to transfer stations to be loaded on trucks or railcars to other states means AAA Carting is transporting goods in interstate commerce, even if none of AAA Carting's employees travel out of state.  Thus, as an independent basis, the transportation of waste in general by AAA Carting (without regard to whether Plaintiff traveled interstate) means the Exemption applies.  Exhibit B evidences that the waste transported by Plaintiff's fictional "class" was nevertheless transported

---

[3]      The bid contract for the Village of Rye Brook, which Plaintiff serviced, provides for the collection of "recycling, bulk trash, and organic yard waste" as a single contract. The notion that two "divisions" of AAA Carting served a small town like Rye Brook is absurd. *See* Exhibit A to the Eisenberg Decl., dated November 20, 2014.

in large measure out of state.  Thus, Plaintiff's argument fails in this context as well.

      C.      **Plaintiff Could Have Been Called On To Perform Interstate Travel.**

      Even if Plaintiff did not drive into Connecticut on his garbage route each month, and there is no dispute that he did, the interstate commerce requirement is still met if it is merely "likely" that Plaintiff may be called on to perform interstate travel.  In Plaintiff's Declaration in Opposition to this motion, Plaintiff states that he was never required to drive another person's route.  *See* Cruz Declaration, ¶21.  His assertion is not relevant to the inquiry.  In the course of his employment, Plaintiff took days off from work, including for a period of one month when he was out on workers' compensation.  During that time, other drivers performed his route.  In the waste hauling industry, it is common that one may be called on to drive an absentee's route.  AAA Carting had this policy.  *See* Cartalemi Declaration, ¶14. That an employee may not actually be called on to perform interstate travel does not remove them from the Exemption.  *See Morris v. McComb*, 332 U.S. 422, 433 (1947).[4]

      AAA Carting employees regularly travel interstate in the course of completing their garbage routes.  Plaintiff does not dispute that such routes exist, but again, challenges the percentage of employees who did so in a bid to plead that such routes constitute a *de minimis* portion of AAA Carting's business.  However, the exact number of employees who travel interstate is not pertinent, given that the drivers in each such route necessarily affect the safety of a motor vehicle in interstate commerce during all such interstate travels.  Because AAA Carting's drivers routinely cross state lines, and Plaintiff could have been assigned to those routes, such transportation is a "natural, integral, and inseparable" part of Plaintiff's activities.

      D.      **AAA Carting Has a Fixed and Persistent Intent to Ship Out of the State.**

---

[4]      Cruz did, in fact, substitute for other drivers routes during his employment.  However, for purposes of this motion, Defendants will not challenge Plaintiff's assertion.  That said, as the Supreme Court held, it does not matter.

As stated above, wholly intrastate commerce satisfies the interstate commerce requirement when such intrastate transportation is "interstate in character". *See Bilyou*, 300 F.3d at 223 (2d Cir. 2002).  Intrastate transportation satisfies the interstate commerce requirement of the MCA if the shipper has a "fixed and persisting transportation intent beyond the terminal storage point at the time of shipment." *Id.* at 224 (quoting 29 C.F.R. § 782.7(b)).

Plaintiff argues that Defendants' lack of knowledge as to the specific out-of-state destination for the waste it deposits at transfer stations nullifies the "fixed and persisting" intent of AAA Carting that such waste be transported out of state. Plaintiff argues that "the employer's fixed and persistent intent to ship the property to a specific out-of-state recipient, at the time of shipment, is the crux of the analysis."  Memo in Opp., pp 14-15.  This is incorrect as a matter of law.  In fact, a specific destination is not required, so long as the fixed and persistent intent at the time of shipment is that the goods be transported out-of-state.  In *Craft v. Ray's, LLC*, 2009 U.S. Dist. LEXIS 90862 (S.D. Ind. September 29, 2009), plaintiff argued defendant's lack of knowledge as to a specific destination defeated its intent to engage in interstate commerce.  The court disagreed, stating, "[l]ack of knowledge as to the specific, ultimate destination of a good at the time shipment begins is not sufficient to establish that the shipper lacked a fixed and persistent intent to engage in interstate commerce." *Craft,* 2009 U.S. Dist. LEXIS 90862 at *20, citing Interstate Commerce Commission 1992 Policy Statement.  A "fixed and persisting intent" may be established if the shipper merely has a factual basis for projecting that the goods will be shipped out of state.  *Id*.  The Court in *Craft* held that "[a]lthough [defendants] do not know in advance the ultimate destination of specific loads of recyclables transported by the [drivers], they do know that a large portion of each load will ultimately go out-of-state."  *Id.* at *20-21.

Here, the factual basis for the shipment of AAA Carting's waste from transfer stations to

other states is undisputed.  In addition to the information set forth in Exhibit B to the Cartalemi

Declaration, it is patent that the State of New York does not possess sufficient landfill reserves

for the dumping of all waste collected in the state, making out-of-state shipping a necessity.

AAA Carting hauls waste to one of fifteen transfer stations, depending on the waste collected.

Municipal solid waste and construction and demolition debris are transported by AAA Carting to

transfer stations in New York and Connecticut.  The fact that AAA Carting takes waste to

Connecticut for dumping, is, standing alone, dispositive of its persistent intent to ship goods out

of state.  The MSW and C&D debris at these stations is subsequently shipped to landfills in

Pennsylvania, Delaware, New Jersey, Connecticut and New York.  The fixed and persistent

intent of AAA Carting is to ship waste and recyclables to destinations outside the state.

III.    THE DEPARTMENT OF LABOR REPORT IS NOT HEARSAY.

Plaintiff argues the Department of Labor audit report is irrelevant, confusing, and

constitutes inadmissible hearsay.  Plaintiff's protestations about a document generated by the

United States government are wrong.  The WHISARD Compliance Action Report is a standard

Department of Labor investigation form which satisfies the Public Records Exception to the rule

against hearsay evidence.  *See* Fed. R. Evid. 803(8).  While case law regarding this specific form

appears to be sparse, Defendants located about one dozen instances in which a federal court

considered a WHISARD report, and in no such case were the reports deemed inadmissible.

Rather, two courts, after a thorough analysis, held such reports admissible over objections of,

among other things, hearsay and untrustworthiness.  *See Holliday v. J S Express, Inc.*, 2013 U.S.

Dist. LEXIS 75816, 9-17 (E.D. Mo. May 30, 2013); *Bingham v. Jefferson County*, 2013 U.S.

Dist. LEXIS 45826, 20 (E.D. Tex. Mar. 1, 2013).

Here, the WHISARD report is the result of an investigation by the Department of Labor,

the administrative agency specifically tasked with enforcing the very statute under which

8

Plaintiff brings his claims.  Such reports and their contents are presumptively admissible. *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 143 (2d Cir. 2000).  Plaintiff's arguments of untrustworthiness, irrelevance and confusion are desperate, and wholly without merit.

## IV.   PLAINTIFF MISSTATES THE MINIMUM WAGE LAW.

Plaintiff states that an employer is required under the FLSA to pay an employee at least $7.25 for every hour worked.  Memo in Opp., p24.  However, a claim for violation of the minimum wage only exists if the employee's *average hourly wage* falls below the minimum wage, even if they were paid nothing for other hours worked.  *See Johnson v. Equinox Holdings, Inc.*, 2014 U.S. Dist. LEXIS 91786 (S.D.N.Y. July 2, 2014).

The Second Circuit has held that if an employee is paid at a rate at or above the minimum wage for all hours the employee actually worked, then there is no violation even if the employee is paid less than his regular wage rate for the hours worked.  *See United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960); *see also* DOL Wage-Hour Division's Field Operations Handbook, 30b02  ("in [workweeks] in which the [overtime] provisions do not apply, an employee…is considered to be paid in compliance if the *overall earnings* for the [workweek] equal or exceed the amount due at the applicable [minimum wage].").

To avoid unnecessary repetition, Defendants refer the Court to their calculations regarding compliance with the minimum wage in their moving brief, but offers the following as an extreme example for illustration:  If an employee works 41 hours in a week, and is paid $10,000 for the first 40 hours, and zero dollars for the 41st hour, his average wage for the entire 41 hour week is far in excess of $7.25 per hour, and no minimum wage violation is present.

Plaintiff alleges he was paid $20 or $25.51 per hour, for the first forty hours of each work week.  Thus, the average hourly wage he received each week was indisputably far in excess of $7.25, even if he were paid nothing for the 6 hours he claimed he worked in excess of forty.

V.     DISCOVERY WILL NOT CREATE A GENUINE DISPUTE OF FACT.

There is no basis for Plaintiff's argument that the motion should be denied pursuant to Fed. R. Civ. P. 56(d) to allow plaintiff to take discovery.   The Second Circuit has established a test for the sufficiency of an affidavit submitted pursuant to Rule 56(d).   In order to justify denial of a motion for summary judgment, the affidavit must include, how the facts sought in discovery are reasonably expected to create a genuine issue of material fact sufficient to defeat a summary judgment motion.   *Paddington Partners v Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994).   A court can reject a request for discovery if it deems the request to be based on speculation as to what potentially could be discovered.   *Id.*   Rule 56(d) is designed to enable a plaintiff to fill material evidentiary gaps in its case, but it does not permit a plaintiff to engage in a fishing expedition. *Id.*   The Biggs Declaration in Support of Discovery is insufficient to meet plaintiff's burden of articulating facts that could reasonably be expected to create a genuine issue of material fact, nor could it, given the undisputed facts presently in the record.

Plaintiff did not explain how any facts that may come to light would defeat the Exemption.  Plaintiff admitted that he drove into Connecticut, and no information disclosed in the future will create an issue of fact as to that dispositive admission.  Plaintiff has not challenged the fact that other AAA Carting drivers drive into Connecticut regularly or that AAA Carting dumped garbage in Connecticut. Plaintiff alleges Defendants did not offer evidence as to "household waste hauling", however, Defendants referred to such waste as "municipal solid waste", and demonstrated its out-of-state shipment. Thus, discovery will not create a material issue of fact as to the interstate shipment of "household waste."   Plaintiff seeks information regarding Plaintiff's *de minimis* contact with Connecticut; however, such information does not mitigate Plaintiff's admission regarding driving an interstate route.  Plaintiff seeks information to show Defendants' knowledge as to the ultimate destination of waste AAA Carting hauled to

10

transfer stations, despite such knowledge or lack thereof being irrelevant to the question of a "fixed and persistent intent" to engage in interstate commerce.

It appears Plaintiff wants to engage in expensive discovery to bring pressure to bear. The Court should deny Plaintiff's request for discovery.  To the extent the Court denies the motion, any discovery should be limited to the particular issue that the Court determines would be justified, and not permit Plaintiff to engage in a fishing expedition.

CONCLUSION

By reason of the foregoing, this Court should grant Defendants' motion.

Dated:        New York, New York
              November 20, 2014

                                    ROBINSON BROG LEINWAND
                                    GREENE GENOVESE & GLUCK P.C.

                                     By:     /s/  Nicholas Caputo
                                    Nicholas Caputo, Esq.
                                    Michael A. Eisenberg, Esq.
                                    *Attorney for Defendants AAA Carting and*
                                    *Rubbish Removal, Inc. and Pasquale Cartalemi, Jr.*
                                    875 Third Avenue, 9th Floor
                                    New York, New York 10022
                                    (212) 603-6300
                                    nrc@robinsonbrog.com
                                    mae@robinsonbrog.com